IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JAMES GILBERT BERRY,**

    **Petitioner,**

**v.**                                          **Civil Action No.: 3:20-CV-46**
                                              **(GROH)**

**R. HUDGINS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 16, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Western District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.    FACTUAL AND PROCEDURAL HISTORY[1]

**A. Conviction and Sentence**

On June 13, 2002, a grand jury in the Western District of Virginia indicted Petitioner and charged him with conspiracy to distribute a controlled substance, in

---

[1] All CM/ECF references in Sections II.A. and II.B. refer to entries in the docket of Criminal Action No. 5:02-CR-30046 in the Western District of Virginia.

1

violation of 21 U.S.C. § 846.  ECF No. 5.

On January 22, 2003, a jury found Petitioner guilty of conspiracy to distribute more than 500 grams or more of methamphetamine.  ECF No 104.  Petitioner was sentenced on April 11, 2003, to 360 months of imprisonment.  ECF No. 135.  See U.S. v. Berry, 87 Fed. Appx. 312 (4th Cir. 2004) (unpublished), *cert. denied*, 543 U.S. 818 (2004).[2]  According to the Inmate Locator[3] for the Bureau of Prisons, Petitioner's projected release date is May 14, 2030.

### B. Direct Appeal

Petitioner appealed his conviction and sentence to the Fourth Circuit in docket number 03-4352, on April 21, 2003.  ECF No. 138.  The Fourth Circuit affirmed Petitioner's conviction and sentence by order entered on January 21, 2004.  ECF Nos. 181, 182.  See U.S. v. Berry.

### C. Post-Conviction Relief Motion to Vacate under 28 U.S.C. § 2255[4]

Petitioner, by counsel, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, on September 15, 2005, in case number 7:05-CV-574.  ECF No. 1.  The district court denied and dismissed that motion on September 29, 2005, finding that U.S. v. Booker, 543 U.S. 220 (2005) (rending the United States Sentencing

---

[2] Because of the age of this case, not all of the docket entries for the Western District of Virginia are available to view on PACER.  However, the facts contained in Sections II.A. and II.B. are available in the decision by the Court of Appeals for the Fourth Circuit, U.S. v. Berry, 87 Fed. Appx. 312 (4th Cir. 2004) (unpublished), *cert. denied*, 543 U.S. 818 (2004).  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] https://www.bop.gov/inmateloc/

[4] All CM/ECF references in Section II.C. refer to entries in the docket of Civil Action No. 7:05-CV-574 in the Western District of Virginia.

Guidelines advisory, see U.S. v. Pauley, 511 F.3d 468 (4th Cir. 2007)), did not apply retroactively to Petitioner's case. ECF No. 2. Petitioner filed a motion to reconsider on October 14, 2005, which was denied by order entered November 8, 2005. ECF Nos. 4, 5.

Petitioner appealed the denial of his § 2255 motion to the Fourth Circuit on November 14, 2005, in that Court's docket number 06-6425. ECF Nos. 8, 12. On June 20, 2006, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed the appeal. ECF No. 18.

On February 10, 2020, Petitioner filed a motion to re-open and/or vacate judgment pursuant to Rule 60(b) and (d)(3). ECF No. 22. There, Petitioner argued that he was denied effective assistance of counsel because, "the attorney who represented [him] during the trial and subsequent appeal, was the same attorney who drafted and filed" his motion to vacate. Id. at 6. By order entered December 7, 2020, the district court denied the motion as both untimely and without legal merit.[5] ECF No. 24.

### D. Instant § 2241 Claims

In support of his Section 2241 petition before this Court, Petitioner states two grounds for relief: (1) that he was denied a full and fair opportunity to challenge his conviction and sentence because the same attorney represented him at trial, on appeal and in the § 2255 proceeding, which omitted an ineffective assistance of counsel claim; and (2) that his sentence was illegal because his base offense level was improperly

---

[5] The Court further noted that, "As relief, Berry asks me to reinstate this § 2255 case to the active docket to allow consideration of his ineffective assistance claim. Given this argument, I will address Berry's motion under Rule 60 rather than construing and dismissing it as a successive § 2255 motion.

3

enhanced under the then-mandatory Guidelines. ECF No. 1 at 5 – 8. For relief, Petitioner requests that his convictions be vacated and that he be resentenced without any enhancements to his base offense level. Id. at 9. Petitioner alleges that Blakely v. Washington, 542 U.S. 296 (2004) controlled sentencing, and that under the holding of Blakely, he was improperly sentenced.

Respondent argues that ground 1 of the petition should be dismissed for lack of subject matter jurisdiction because Petitioner improperly raised an ineffective assistance of counsel claim in a prior § 2255 motion to vacate, and that Petitioner cannot meet all three prongs of the Jones[6] test to challenge his conviction, or all four prongs of the Wheeler[7] test to challenge his sentence. ECF No. 16 at 7 – 10. Respondent argues that ground 2 of the petition should be dismissed because Petitioner cannot meet all four prongs of the Wheeler test. Id. at 10 – 11.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b)

---

[6] In re Jones, 226 F.3d 328 (4th Cir. 2000).

[7] United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

4

Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and

7

Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation

bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

9

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Here, Petitioner challenges the enhancement of his base offense level under the pre-Booker,[11] then-mandatory USSG, and asks the Court to vacate his conviction and to

---

[11] United States v. Booker, 543 U.S. 220 (2005).

10

resentence[12] Petitioner without any enhancement to the base offense level. Id. Although Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Further, because Petitioner is challenging both his conviction and sentence in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction and all four prongs of the Wheeler test to challenge his sentence for this Court to have jurisdiction to hear his challenge on the merits.

As to his challenge his conviction, Petitioner is unable to meet the three-part Jones test. Even if Petitioner were to meet the first and third prongs of the Jones test, he cannot meet the second element of the Jones test, because the crime he was convicted of committing—conspiracy to possess with intent to distribute 500 grams or more of methamphetamine—remains a criminal offense. Thus, Petitioner is unable to demonstrate that the conduct which he was convicted of committing is no longer criminal. Because Petitioner cannot meet the second prong of Jones, this Court need not address the first and third prong of the test. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

---

[12] The Court notes that if Petitioner's conviction for conspiracy to distribute a controlled substance were vacated, there would be no remaining conviction upon which to resentence Petitioner.

As to his challenge to his sentence, if Petitioner fails to satisfy any one of the four Wheeler prongs, then he has not satisfied the § 2255(e) savings clause and this court lacks subject-matter jurisdiction over his § 2241. Consequently, failure to satisfy any of the four prongs of Wheeler mandates that Petitioner's § 2241 must be dismissed without prejudice. See Wheeler, 886 F.3d at 425.

Regardless of whether Petitioner meets the first, third, and fourth prongs of Wheeler, Petitioner fails to meet the second prong. The second prong of Wheeler contains two clauses that each must be met for the prong to be satisfied. The second prong requires a showing that (1) subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law, which established the legality of the defendant's sentence, has changed and (2) that change in the law was deemed to apply retroactively on collateral review. Although Petitioner convincingly argues that the settled substantive law has changed, he cannot demonstrate that change occurred subsequent to his direct appeal and first § 2255 motion. The Fourth Circuit affirmed Petitioner's conviction and sentence by order entered on January 21, 2004 before Blakely was decided. However, Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 was filed on September 15, 2005, after Blakely was decided.

Accordingly, regardless of whether Petitioner meets the first, third, and fourth prongs of Wheeler, he fails to meet the second prong. Therefore, Petitioner has not satisfied the § 2255(e) savings clause, he is not entitled to § 2241 relief through § 2255(e), and this Court is without subject-matter jurisdiction. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and

dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss for lack of jurisdiction [ECF No. 15] be **GRANTED** and Petitioner's writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 15, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE